MELINDA HAAG
United States Attorney
MIRANDA KANE
Chief, Criminal Division
THOMAS M. NEWMAN
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6888
   Fax: (415) 436-7234
   E-Mail: thomas.newman2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 11-mj-70884- (LB) |
|    Plaintiff, ) | CR 11-0588 RS Case Merged |
| v. ) | |
| KHENDRIA WILLIAMS, ) | STIPULATION |
|    Defendant. ) | |

The parties stipulate as follows:

1.    Defendant Khendria Williams was charged with conspiring to file false claims in violation of 18 U.S.C. § 286.

2.    The discovery in this matter contains, among other things, significant amounts of private financial information about numerous individuals, as well as confidential tax return and taxpayer return information within the meaning of Title 26, United States Code, Section 6103(b). Disclosure of such tax return and taxpayer information is governed by Title 26, United States Code, Section 6103(a), which mandates that returns and return information shall be confidential, except as authorized by Section 6103. Section 6103(h)(4)(D) permits disclosure to the

*Stipulation*
*Case No. CR 11-mj-70884-(LB)*

1 | Defendants of such tax return and taxpayer information in accord with Rule 16 of the Federal
2 | Rules of Criminal Procedure, but further disclosure of this tax return and taxpayer return
3 | information by the Defendant and his or her attorney is restricted by Section 6103.

4 |     3.    The government intends to provide defense counsel with other individuals'
5 | private financial information, tax return and taxpayer return information as part of this case, that
6 | will likely will be disclosed to the Defendants.

7 |     4.    The parties agree that the discovery will be provided subject to the following
8 | conditions:

9 |     A.    Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 28
10 | U.S.C. § 1651, unauthorized disclosure of discovery material and information contained therein
11 | to nonlitigants is prohibited under the following provisions (when the term "defendant" is used,
12 | said term encompasses an attorney for the defendant):

13 |     i.    All materials provided as discovery which were produced by the government in
14 | preparation for or in connection with any stage of the proceedings in this case, including, but not
15 | limited to, investigators or agency reports, grand jury transcripts, witness statements, memoranda
16 | of interview, audio and video tapes, tax returns, correspondence with the Internal Revenue
17 | Service, internal books and records of a witness's business, and any documents provided by the
18 | government other than trial exhibits (i.e., items actually admitted during the trial and made part
19 | of the records), remains the property of the United States.  All such materials and all copies
20 | made thereof shall be returned to the United States Attorney's Office, Tax Division unless
21 | otherwise ordered by the Court or agreed upon by the parties, at the occurrence of the last of the
22 | following:

23 |     –    the completion of all appeals, habeas corpus proceedings, clemency or pardon
24 |         proceedings, or other post-conviction proceedings;
25 |     –    the conclusion of the sentencing hearing; or
26 |     –    the earlier resolution of charges against the defendant.

*Stipulation*
*Case No. CR 11-mj-70884-(LB)*　　　　　　　-2-

B.   Such materials provided by the United States may be utilized by the defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

C.   Upon written request to the United States, by the Defendant, at or before the time of such return, all specified materials returned shall be segregated and preserved by the United States in connection with any further proceedings related to this case, which are specified in such request until such proceedings are concluded.

D.   Such materials and their contents, and any notes or other record of such materials or their contents, shall not be disclosed either directly or indirectly to any person or entity other than the Defendant, persons employed to assist in the defense or prosecution of this matter, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion.

E.   Such materials shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare and assist in the defense or prosecution of this matter, and all such copies and reproductions shall be treated in the same manner as the original matter. Certain documents include information private to the government's witnesses and are made available to the Defendant only as a result of the above strict guidelines.  These documents may include, but are not limited to:

F.   Witnesses' tax returns and correspondence with the Internal Revenue Service ("IRS");

  i.   Grand jury statements of witnesses;
  ii.  Witnesses' e-mail communications;
  iii. Statements of witnesses contained in agents' reports;
  iv.  Witnesses' bank records and, possibly, summaries of bank records.

G.   Before any such disclosure to the Defendant, defendant's counsel shall personally inform the Defendant of the provisions of this order and direct him not to disclose any information contained in the government's discovery in violation of this order, and shall inform her or him that any unauthorized disclosure may be punished as contempt of court.

*Stipulation*
*Case No. CR 11-mj-70884-(LB)*                -3-

1          I.      The Defendant shall be responsible for controlling and accounting for all such material, copies, notes, and other records described above, and shall be responsible for assuring full compliance by himself and any person assisting in his defense with this order. Written certification of such compliance shall be made to the Court at the time discovery materials are returned to the United States.

          J.      The provisions above are not meant to limit use of information provided in discovery from being used in pretrial proceedings, investigation, motions and briefs, trial and other proceedings in this litigation, unless the discovery information is protected by another order protecting information received from a financial institution regulatory agency.

          WHEREFORE, in the best interests of the administration of justice and because of the importance of protecting potential witnesses and others, it is requested that a protective order as described above be entered in this case.

DATED: August 25, 2011                    Respectfully submitted,


                                          MELINDA HAAG
                                          United States Attorney


                                          _____/s/_____
                                          THOMAS M. NEWMAN
                                          Assistant United States Attorney
                                          Tax Division



                                          _____
                                          ERIC BABCOCK
                                          Attorney for Khendria Williams

*Stipulation*
*Case No. CR 11-mj-70884-(LB)*              -4-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 11-mj-70884-(LB) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| KHENDRIA WILLIAMS, | ) | |
| Defendant. | ) | |

In accordance with the parties' stipulation IT IS SO ORDERED.

DATED: August 29, 2011

_____
HON. LAUREL BEELER
United States Magistrate Judge

*Stipulation*
*Case No. CR 11-mj-70884-(LB)*            -5-